## IN THE UNITED STATES DISTRICT COURT
## FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | | |
|---|---|---|
| MICHAEL SMITH, K57543, | ) ) ) | |
| Plaintiff, | ) ) | |
| vs. | ) ) | |
| WARDEN MONTI, L. WALKER, JOHN DOE 1, M. HILLE, K. REHFUSS, H. WIGGS, R. HUGHES, LT. HICKS, LT. BLEDSOE, LT. ARMSTRONG, J. WINTERS, B. ALLARD, K. JOHNSON, B. BANKS, SGT. DEAN, C/O CRAIG, SGT. MACK, C/O TURNER, C/O HICKS, C/O IRVIN, CONWAY, C/O SMITH, C/O HILDERS, JOHN DOE 2, C/O VAUGHN, C/O WEBB, C/O LOUIS, C/O SHARROD, D. KNAUER, R. JEFFREYS, A. GALBRAITH, MOORE, | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | Case No. 22-cv-435-DWD |
| Defendants. | ) | |

# MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Michael Smith, an inmate of the Illinois Department of Corrections (IDOC) at Shawnee Correctional Center (Shawnee), brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. (Doc. 1). Plaintiff claims that the defendants violated his rights in a wide variety of ways based upon the conditions of confinement, the adherence to a mask-wearing protocol, access to healthcare, and access to the courts, among other things. Plaintiff filed a motion for a preliminary injunction (Doc. 3), and he demands injunctive, declaratory, and monetary relief.

Plaintiff's Complaint (Doc. 1) is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a)-(b). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## The Complaint

Plaintiff alleges that he arrived at Shawnee on October 12, 2021, at which time he was required to complete a 14-day quarantine. (Doc. 1 at 16). The opening pages of his complaint are emblematic of the rest. He wrote,

> Plaintiff arrived at Shawnee C.C. on 10/12/21, the documented record has established that Smith in fact did put in requests and institutional/administrative grievances challenging the constitutionality of Shawnee prison conditions, and his individual in custody living conditions constitute deliberate indifference, cruel and unusual punishment, and operates without penological justification. The combination of cells not in constitutional compliance, unsanitary conditions, poor lighting, inadequate and filthy bedding and linen, and conditions of confinement at the SCC prison are unconstitutional. Defendants engaged in a pattern and practice of deliberate indifference to the security and protection of Smith and the prison populace as it failed to staff the prison adequately with corrections officers that fully comply with all pertinent laws, rules and regulations. Each named defendant failed to provide a reasonable safe place of confinement for Smith and the prison populace while housed in certain areas. Each named defendant were deliberately indifferent to the serious medical needs of Smith and the prison populace, during his (14) days of quarantine and subsequently thereafter, by virtue of their failure to provide access to treatment via an adequate medical staff (staff whom refuse to document IDOC employees that don't comply with face covering requirements). Smith, a U.S. citizen, sentenced to confinement as punishment for criminal activity did not lose the protections afforded to him by the U.S. and Illinois Constitution(s), during the period of time from October 12, 2021, through to January 2022. The Eighth Amendment prohibits the infliction of cruel and unusual punishment upon Smith as a citizen. The Fourteenth Amendment prohibits the deliberate indifference to security and protection of Smith as a citizen. The First Amendment prohibits retaliatory practices against Smith, as a citizen for exercising his freedom of speech and freedom of expression. This prohibition applies not only to the federal government, but also to the states in their operation of state penitentiaries. The aforementioned constitutional amendment(s) prohibit punishments which are grossly disproportionate to the severity of the crime, or are totally without penological justification.

(Doc. 1 at 16-17). Plaintiff's factual narrative is 11-pages of dense, single-spaced, small handwriting. (Doc. 1 at 16-27).

In the factual narrative, Plaintiff makes many sweeping allegations, such as, "[D]efendants Craig, Mack, Allard, Hughes, Turner, Monti, WOP, WOO, Knauer and Jeffreys caused or participated in depriving plaintiff of his First, Eighth and Fourteenth Amendment constitutional rights, while in IDOC at [Shawnee]." (Doc. 1 at 17). By contrast, he has the occasional individualized assertion, such as his claim that C/O Turner escorted him to the quarantine wing without complying with the face mask requirements. (*Id.*). Within the narrative, Plaintiff cites to numerous grievances to provide factual elaboration for his legal allegations.

Plaintiff's complaint covers many topics. He alleges that he does not have adequate access to legal materials or the courts, the conditions of his cells have been unacceptable, he did not have access to adequate cleaning supplies, staff have not followed policies, staff have not adequately processed his grievances, he has not had adequate access to healthcare services, he was not provided appropriate basic supplies upon arrival, and his First Amendment rights have been violated on multiple occasions. In support of his complaint, he included a memorandum of law (Doc. 1 at 21-24), a declaration (*Id.* at 25-26), and many exhibits (*Id.* at 29-69).

## Analysis

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Under Rule 8(d), "each allegation must be simple, concise, and direct." A generic assertion that

one or more defendants engaged in certain acts or constitutional violations is not adequately specific. *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009). The primary purpose of these rules is fair notice. Because claims under 42 U.S.C. § 1983 must be based on a defendant's personal involvement in a constitutional violation, each individual defendant plaintiff wishes to sue must be able to understand what he or she is alleged to have done to violate plaintiff's rights. *See e.g., Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) ("To recover damages under § 1983, a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right.") *citing Sheik-Abdi v. McClellan*, 37 F.3d 1240, 1248 (7th Cir. 1994). "A complaint must contain enough details to connect an individual defendant's actions with a discrete harm. *See e.g., Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); Fed. R. Civ. P. 8(a)(2). Additionally, to state a valid claim under § 1983, a plaintiff must establish not only that a state actor violated his constitutional rights, but also that said violation caused the plaintiff an injury or damages. *Lord v. Beahm*, 952 F.3d 902, 905 (7th Cir. 2020) (affirming summary judgment against an inmate because he did not identify an injury beyond minor scratches).

Additionally, "[a] litigant cannot throw all of his grievances, against dozens of different parties, into one stewpot." *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012). Federal Rules of Civil Procedure 18 and 20 limit a plaintiff's ability to combine unrelated claims against different defendants. Multiple defendants may not be joined in a single action unless the plaintiff asserts at least one claim to relief against each respondent that arises out of the same transaction or occurrence, or series of transactions or occurrences and presents a question of law or fact common to all. *George v. Smith*, 507

F.3d 605, 607 (7th Cir. 2007). A judge can dismiss a complaint that is lengthy if it "is so long that it imposes an undue burden on the judge, to the prejudice of other litigant's seeking the judge's attention." *Kadamovas v. Stevens*, 706 F.3d 843, 844 (7th Cir. 2013) (noting that length and unintelligibility can be grounds for dismissal but should be carefully considered).

Plaintiff's complaint violates multiple aspects of the Federal Rules of Civil Procedure. As quoted above, Plaintiff uses broad allegations that Defendants A, B, C, D, and E violated rights X, Y, Z. Statements like these are not sufficient to bring a claim under § 1983 or Rule 8(d) because the statements combine a list of names with a list of legal allegations, but they lack sufficient factual elaboration to demonstrate which actions each defendant actually took that gave rise to an alleged harm. To the extent that defendants were only named in sweeping allegations, these claims are insufficient.

Additionally, Plaintiff's complaint violates Rules 18 and 20 because Plaintiff has combined numerous allegations about many topics spanning four months and involving 32 defendants. Although a plaintiff can either combine multiple parties concerning a single incident, or multiple incidents concerning a single party, he cannot use a single lawsuit to complaint of multiple incidents against multiple parties that are unrelated. This Court could sever this case into multiple separate lawsuits, but it will refrain from doing so at this initial juncture because Plaintiff discusses so many potential issues, it is not even clear how it would be practical to separate out different lawsuits.

Although Plaintiff's complaint does contain some more individualized allegations, such as the allegation that Defendant C/O Turner escorted him to an isolation cell

without following the mask protocol (Doc. 1 at 17), or that Defendant Hughes failed to respond to his request slips (Doc. 1 at 18), allegations such as these are spread across too many topics and parties to proceed jointly in one lawsuit. The individualized claims concern mask use, cell conditions, response to grievances, access to the courts, deliberate indifference to security issues, lack of due process, retaliation, and lack of adequate hygiene items. This wide variety of topics cannot proceed in a single case. Plaintiff will be given the opportunity to provide an amended complaint, at which time he can choose which type of claims he would like to proceed in this lawsuit.

Even assuming that these claims were related and could proceed together, several the claims are substantively insufficient or fail to state a claim. As to Plaintiff's repeated assertion that defendants failed to follow a mask wearing policy, it is unclear if this theory fits neatly within the protections offered by the constitution. The Seventh Circuit has explained that "CDC Guidelines—like other administrative guidance—do not themselves set a constitutional standard." *Mays v. Dart*, 974 F.3d 810, 823 (7th Cir. 2020). "[W]hile recommendations of these various groups may be instructive in certain cases, they simply do not establish the constitutional minima; rather, they establish goals recommended by the organization in question." *Id.* Likewise, violations of state laws or policies do not constitute a violation of the constitution under § 1983. *Pulera v. Sarzant*, 966 F.3d 540, 551 (7th Cir. 2020) (a violation of jail policy is not cognizable under § 1983); *Thompson v. City of Chicago*, 472 F.3d 444, 454 (7th Cir. 2006) (§ 1983 does not protect plaintiffs from violations of state law or policy). Thus, Plaintiff cannot state a claim under

§ 1983 based solely upon an assertion that Shawnee employees have failed to follow state or local guidance concerning various aspects of prison life.

Casting his claim about mask wearing in a more defined space, Plaintiff seems to assert that the failure to wear a mask is an Eighth Amendment violation because it creates unsafe conditions. Assuming arguendo that the failure to wear a mask violates the Eighth Amendment, Plaintiff's claim is still insufficient because he has not identified any particular harm as a result of the non-compliance. He specifically states in his motion for a preliminary injunction that despite rising coronavirus cases at Shawnee, he has not personally contracted coronavirus. Without an allegation of harm, a plaintiff's § 1983 claim may be insufficient.

Plaintiff's claims concerning the institutional handling of his grievances are likewise insufficient. "[A] state's inmate grievance procedures do not give rise to a liberty interest protected by the due process clause," *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th Cir. 1995), and the failure of prison officials to follow state created procedures does not violate the Constitution, *Maust v. Headley*, 959 F.2d 644, 648 (7th Cir. 1992). Plaintiff makes many allegations concerning the handling of his grievances at the institutional level, but the failure of an institution to follow the grievance procedure to the inmate's satisfaction is not a constitutional violation.

This analysis of Plaintiff's complaint is not exhaustive. There may be other insufficiencies with claims presented that the Court has not specifically addressed here. The overarching issue is that Plaintiff's complaint is too broad and generic. Rather than dismiss the case in the entirety, the Court will give Plaintiff an opportunity to file an

amended complaint. If Plaintiff decides to file an amended complaint, he should carefully outline the personal actions that each defendant took that caused him harm. An amended pleading will completely replace the original, so Plaintiff needs to include everything that he wants considered in a single document. *See Flannery v. Recording Indus. Ass'n of Am.*, 354 F.3d 632, 638 n. 1 (7th Cir. 2004). However, 'everything he wants considered' does not mean that plaintiff can combine numerous separate claims against many parties. Plaintiff can only include claims that are related to the same core set of underlying facts. If Plaintiff files an amended complaint that still combines many discrete claims, this Court will divide his case into multiple separate lawsuits, and he will be required to pay a filing fee for each lawsuit that he chooses to maintain. Failure to file a timely amended complaint will result in the dismissal of this lawsuit. FED. R. CIV. P. 41(b); *Ladien v. Astrachan*, 128 F.3d 1056-57 (7th Cir. 1997) (dismissal is allowed for failure to comply with a court order); 28 U.S.C. § 1915A.

### Plaintiff's Motion for Preliminary Injunction

As with the Complaint, Plaintiff's Motion for Preliminary injunction covers numerous topics in a broad and generic fashion. Much of the motion reads like an extension of the factual allegations in the complaint. It is difficult to tell with precision, exactly what the issues are that Plaintiff faces, or what sort of immediate relief he seeks. For example, he repeatedly complains that he has been denied medical care, that his serious condition is untreated, and that the defendants actions put him at risk, however, he never gives a very clear explanation of what his medical issues are that have gone untreated. At most, in the factual narrative of his motion he writes that he has "asthma,

irregular heartbeats, high blood pressure, and hypertension," but he does not actually allege that these issues are untreated. (Doc. 3 at 6). Instead, he merely alleges that these conditions make him more susceptible to coronavirus. Plaintiff also complains of issues such as difficulty getting grievances processed, obtaining supplies such as bedding or clothing, and restricted access to amenities due to coronavirus related quarantines. For the most part, he does not tie issues like these to tangible demands for relief.

At the end of the motion, he mentions a "cease and desist order," and he also lists a few actions he would like the court to mandate. Specifically, he seeks a court order directing the Chief Administrative Officer (CAO) to direct compliance with IDOC protocols concerning mask-wearing, he asks for a special monitor to ensure compliance, he seeks a court order to secure certain video footage, and he seeks a court order directing the CAO to prohibit harassment or retaliation. (Doc. 3 at 13).

To seek a preliminary injunction, a plaintiff must establish: a likelihood of success on the merits of his claim; no adequate remedy at law; and, irreparable harm without the injunctive relief. *See Mays*, 974 F.3d at 818. As for the first requirement, the Court must determine whether "plaintiff has any likelihood of success—in other words, a greater than negligible chance of winning." *AM General Corp. v. DaimlerChrysler Corp.*, 311 F.3d 796, 804 (7th Cir. 2002). The Court must also decide whether an adequate remedy at law exists and whether the plaintiff will suffer irreparable harm without injunctive relief. The Court must then weigh "the balance of harm to the parties if the injunction is granted or denied and also evaluate the effect of an injunction on the public interest." *Id.*; *Korte v. Sebelius*, 735 F.3d 654, 665 (7th Cir. 2013). "This equitable balancing proceeds on a sliding-

scale analysis; the greater the likelihood of success of the merits, the less heavily the balance of harms must tip in the moving party's favor." *Korte*, 735 F.3d at 665. If injunctive relief is warranted, the Prison Litigation Reform Act provides that the injunction must be "narrowly drawn, extend no further than necessary to correct the harm . . . ," and "be the least intrusive means necessary to correct that harm." 18 U.S.C. § 3626(a)(2).

Here, Plaintiff's Complaint and the allegations in his Motion for a Preliminary Injunction (Doc. 3) are not sufficient to demonstrate a likelihood of success on the merits of the underlying claims because, as explained above, plaintiff's allegations are insufficient to state a claim. Plaintiff's Motion will be DENIED without prejudice because he cannot secure injunctive relief if he has not established an underlying claim.

### Motion for Recruitment of Counsel

In the Motion for Counsel, Plaintiff indicated that he had sought representation on his own behalf, but he has not received a response, and he indicated that he believed he needed representation because his case is factually and legally complex. (Doc. 4). Civil litigants do not have a constitutional or statutory right to counsel. *Pruitt v. Mote*, 503 F.3d 647, 649 (7th Cir. 2007); *Zarnes v. Rhodes*, 64 F.3d 285, 288 (7th Cir. 1995). Under 28 U.S.C. § 1915(e)(1), however, this Court has discretion to recruit counsel to represent indigents in appropriate cases. *Johnson v. Doughty*, 433 F.3d 1001, 1006 (7th Cir. 2006). In evaluating whether counsel should be appointed, this Court must examine (what are known as) the *Pruitt* factors and apply them to the specific circumstances of this case. *Santiago v. Walls*, 599 F.3d 749, 760 (7th Cir. 2010). The Court must ask: "'(1) has the indigent plaintiff made

a reasonable attempt to obtain counsel or been effectively precluded from doing so; and if so, (2) given the difficulty of the case, does the plaintiff appear competent to litigate it himself?'" *Id.* at 761, *quoting Pruitt,* 503 F.3d at 654. Here, the Court does not yet find it necessary to appoint counsel. Although Plaintiff's complaint was not sufficient as pled, this is not indicative of an overall inability to represent himself. Plaintiff may renew his request for appointment of counsel later in the litigation if the need arises.

## Disposition

Plaintiff is **DIRECTED** to file an Amended Complaint within 30 days of this Order. To assist him with preparing an amended complaint, the Clerk of Court is **DIRECTED** to mail Plaintiff a copy of the standard civil rights complaint form along with this Order. If Plaintiff fails to file an amended complaint, his case may be dismissed for failure to state a claim or failure to prosecute. Plaintiff's Motion for Injunctive Relief (Doc. 3) and his Motion for Recruitment of Counsel (Doc. 4) are **DENIED** without prejudice.

**IT IS SO ORDERED.**

Dated: March 21, 2022

DAVID W. DUGAN
United States District Judge