IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| MICHAEL SMITH, ) | |
| K57543, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | |
| ) | |
| WARDEN MONTI, ) | |
| L. WALKER, ) | Case No. 22-cv-435-DWD |
| H. WIGGS, ) | |
| B. ALLARD, ) | |
| SGT. DEAN, ) | |
| CONWAY, ) | |
| D. KNAUER, ) | |
| A. GALBRAITH, ) | |
| D. RIGHTNOWAR, ) | |
| ) | |
| Defendants. ) | |

# MEMORANDUM AND ORDER

**DUGAN, District Judge:**

Plaintiff Michael Smith, an inmate of the Illinois Department of Corrections (IDOC) at Shawnee Correctional Center (Shawnee), brings this civil rights action pursuant to 42 U.S.C. § 1983 for alleged deprivations of his constitutional rights. (Doc. 17). This matter is now before the Court on Plaintiff's second amended complaint. (Doc. 23). The Court concluded that Plaintiff's original complaint (Doc. 1) and motion for preliminary injunction (Doc. 3) were insufficient because the allegations were overly broad, combined too many types of claims into a single lawsuit, and lacked detail about the personal involvement of each defendant. Plaintiff's First Amended Complaint (Doc. 17), was dismissed for the same reasons (Doc. 18).

Plaintiff's Second Amended Complaint (Doc. 23) is now before the Court for preliminary review pursuant to 28 U.S.C. § 1915A. Under Section 1915A, the Court is required to screen prisoner complaints to filter out non-meritorious claims. *See* 28 U.S.C. § 1915A(a)-(b). Any portion of a complaint that is legally frivolous, malicious, fails to state a claim upon which relief may be granted, or asks for money damages from a defendant who by law is immune from such relief must be dismissed. 28 U.S.C. § 1915A(b). At this juncture, the factual allegations of the *pro se* complaint are to be liberally construed. *Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

## **The Complaint**

Plaintiff's Second Amended Complaint is 87-pages in length, including exhibits, but the factual allegations span only 13-pages. As with the First Amended Complaint, Plaintiff does not provide a factual narrative that clearly incorporates allegations against individual defendants. Instead, Plaintiff gives a 4-page summary of events with few mentions of individual actors, and then he provides paragraphs of allegations against defendants identified as "Defendant 1", "Defendant 2," and so on so forth. For example, he alleges that

> Defendant #2 – Warden of Programs, in violation of Plaintiff's Eighth Amendment constitutional right, and Fourteenth Amendment constitutional right, was deliberately indifferent to Plaintiff's living conditions, while house in cell 1-B-73 and 3-A-74, that seriously deprived Plaintiff of the minimal civilized measure of life's necessities. As a result, Plaintiff has suffered mental and emotional trauma, and the Warden of Programs did not address Defendant Conway's assault on the Plaintiff.

(Doc. 23 at 20). Plaintiff included similar paragraphs for Defendants 1-9. Some paragraphs are more detailed than others. For example, as to Defendant # 7 (Sgt. Dean), Plaintiff wrote:

> Defendant #7, Sgt. Dean, in violation of Plaintiff's Eighth Amendment constitutional right and Fourteenth Amendment constitutional right, failed to abate harm and act on Plaintiff's request for adequate medical treatment following dining hall incident concerning Defendant Conway. Dean was deliberately indifferent to Plaintiff's request for a make-up lunch meal, and refused to provide the Plaintiff with disinfect[ant] to clean cell 3-A-74, indigent/hygiene bag(s) to wash his hands and body regularly, upon knowledge Plaintiff was in possession and complained about inadequate and filthy bedding. Defendant #7, denied Plaintiff access to amenities and basic quality of life essentials, as a ranking staff member with access to core hygiene supplies, dating back week 1 of November through to November 17, 2021. As a result (Plaintiff's conditions of confinement had not changed from cell move 1-B-73 to 3-A-74), Plaintiff has suffered headaches and sleepless nights, mental, physical, and emotional trauma.

(Doc. 23 at 23-24).

The primary focus of Plaintiff's second amended complaint seems to be conditions that he experienced in two different cells, although there are other allegations concerning topics such as access to the courts or an officer's careless behavior around the rash on Plaintiff's arm. As relief Plaintiff seeks compensation, a declaratory judgment, and various forms of injunctive relief. (Doc. 23 at 7, 26).

## Analysis

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Under Rule 8(d), "each allegation must be simple, concise, and direct." A generic assertion that one or more defendants engaged in certain acts or constitutional violations is not

adequately specific. *Brooks v. Ross*, 578 F.3d 574, 580 (7th Cir. 2009). The primary purpose of these rules is fair notice. Because claims under 42 U.S.C. § 1983 must be based on a defendant's personal involvement in a constitutional violation, each individual defendant plaintiff wishes to sue must be able to understand what he or she is alleged to have done to violate plaintiff's rights. *See e.g.*, *Gentry v. Duckworth*, 65 F.3d 555, 561 (7th Cir. 1995) ("To recover damages under § 1983, a plaintiff must establish that a defendant was personally responsible for the deprivation of a constitutional right.") *citing Sheik-Abdi v. McClellan*, 37 F.3d 1240, 1248 (7th Cir. 1994). "A complaint must contain enough details to connect an individual defendant's actions with a discrete harm. *See e.g.*, *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007); Fed. R. Civ. P. 8(a)(2). Additionally, to state a valid claim under § 1983, a plaintiff must establish not only that a state actor violated his constitutional rights, but also that said violation caused the plaintiff an injury or damages. *Lord v. Beahm*, 952 F.3d 902, 905 (7th Cir. 2020) (affirming summary judgment against an inmate because he did not identify an injury beyond minor scratches).

**1. Defendant Monti (Warden at Shawnee)**

In the factual narrative, Plaintiff did not make any clear allegations that described personal actions taken by Monti in violation of his rights. In the paragraphs at the end of the complaint that were targeted at individual defendants, Plaintiff alleged that Monti was deliberately indifferent to his conditions of confinement based on poor lighting, 'unsanitary' conditions, and lack of access to 'adequate amenities and basic quality of life essentials.' (Doc. 23 at 18-19). Plaintiff alleges that as a result, he suffered a skin rash, and mental and emotional trauma. He also alleges Monti committed deliberate

indifference or gross negligence by failing to supervise his subordinates who provided inadequate conditions of confinement. Plaintiff's allegations against Monti are insufficient to state a claim under the Eighth Amendment and § 1983 because § 1983 liability turns on the personal involvement of a defendant. It is not at all clear what personal actions Monti took that harmed Plaintiff. Additionally, supervisors are responsible for their own actions under § 1983, but they are not liable for the actions of their subordinates. *Horshaw v. Casper*, 910 F.3d 1027, 1029 (7th Cir. 2018). The factual and legal allegations provided against Monti are insufficient to state a claim based on his personal involvement, so Plaintiff's claim against Monti is dismissed for failure to state a claim.

**2. Defendant L. Walker or John/Jane Doe (Assistant Warden of Programs)**

In the factual narrative of his complaint, Plaintiff alleged that on November 17, 2021, his conditions of confinement got worse, so he personally complained to Dean and Walker about his issues, and he submitted a new grievance. (Doc. 23 at 16-17). In the paragraphs after the complaint, Plaintiff generically alleges that Defendant Walker "was deliberately indifferent to Plaintiff's living conditions[…] that seriously deprived Plaintiff of the minimal civilized measure of life's necessities." (Doc. 23 at 20). These allegations are insufficient to state a claim against Walker because Plaintiff does not indicate how conditions 'got worse,' nor does he describe Walker's personal involvement other than a one-time verbal notification of problems on November 17. As a supervisor, the Assistant Warden of Programs may not have a general responsibility for the actions of subordinates, but Plaintiff's allegation that he personally notified this Defendant of

problems could create an inference of personal involvement. Despite this potential inference, it is impossible to discern from the complaint what the problematic conditions were on November 17, or how the conditions had gotten 'worse' than they previously were. By Plaintiff's own account, he started in an 'unsanitary' and unsatisfactory cell on October 12, 2021, but by October 29, 2021, he had been moved to a different cell. The only specific issue that he lists with the new cell in the complaint is a pending work order for the lights. He does not describe the problem with the lights in detail, nor does he indicate if he specifically raised this problem with the cell to Walker. Given the sparsity of the allegations about Walker's personal involvement with the conditions of the cell, the conditions claim against Walker is insufficient.

Plaintiff also suggests that he told Walker that Defendant Conway bumped into a rash on his arm, but he does not detail what he asked Walker to do about the situation, or how Walker responded. The mere mention that he told Walker about something is insufficient to state a claim against Walker.

### 3. Defendant D. Rightnowar (Assistant Warden of Operations)

Plaintiff's only mention of Rightnowar in the factual allegations is a conclusory statement that Rightnowar "had knowledge of his complaints and grievance." (Doc. 23 at 15). In the enumerated paragraphs, Plaintiff alleged that Rightnowar failed to provide him "adequate shelter, food, sanitation, medical care, and personal safety." (Doc. 23 at 21). Plaintiff's allegations against Rightnowar are nothing more that legal conclusions, without any detailed factual support to demonstrate Rightnowar's personal involvement. A supervisor's mere role to oversee an aspect of prison operations does not immediately

make him liable for the actions of others. *See e.g.* Horshaw, 910 F.3d at 1029. Additionally, a prison official who processed or reviewed an inmate grievance but did not participate in the underlying conduct is not liable for the underlying conduct. *See e.g.* Owens v. Evans, 878 F.3d 559, 563 (7th Cir. 2017). The allegations presented are not sufficient to state a claim against Defendant Rightnowar.

    **4. Defendant H. Wiggs (Business office administrator)**

Plaintiff's only factual allegations against Wiggs are generic allegations that Wiggs was aware of grievances or complaints, and that Wiggs continued to fail to provide "core hygiene items and necessities." (Doc. 23 at 15, 17). In the enumerated paragraphs, Plaintiff alleges that Wiggs refused to provide items like soap, shampoo, clean sheets, lotion, detergent, etc.. (Doc. 23 at 21). In support of his complaint, Plaintiff submitted a few slips that it appears he addressed to the 'business office' about his desire for commissary or certain products. In response, the business office appears to have noted that the requested items were out of stock, but that items had been re-ordered to satisfy inmate orders. Plaintiff does not explain how Wiggs would have been aware of grievances, and the grievances he submitted in support of the complaint do not appear to be signed by Wiggs. Based on the available information and exhibits, Plaintiff's claims against Wiggs concerning hygiene items and necessities are insufficient.

To the extent that Plaintiff alleges that Wiggs restricted his access to commissary items, the access to commissary privileges does not implicate the 'minimal civilized measure of life's necessities,' so this hinderance does not amount to a constitutional harm. *See e.g., Smith v. Dodd,* 2022 WL 2669160 (S.D. Ill. 2022) (there is no right to commissary

under federal law); *Robinson v. Illinois State Correctional Center Stateville Warden*, 890 F.Supp. 715, 718 (N.D. Ill. 1995) (finding that restrictions on commissary privileges did not violate the constitution). By contrast, Wiggs might be held liable if he prevented Plaintiff from all access to the minimal civilized measures of life, but Plaintiff's allegations are far too vague and conclusory to show that Wiggs personally implemented such a restriction. Plaintiff alleged that the original hygiene items he was issued lacked "a face towel, t-shirts, change of uniform, shower shoes, or cleaning materials for cell sanitation," but these items are not clearly essential. Although these items might be desirable, it is not obvious they are necessary for a civilized life.[1] Plaintiff's claim against Wiggs is insufficient.

### 5. Defendant Conway (Food services supervisor)

In the narrative of the complaint, Plaintiff alleged that "Defendant Conway bumped into one of Plaintiff's infected, irritated, rash areas, and denied him 1 of 3 mandatory prepared meals as a supervisor, through means of retaliation." (Doc. 23 at 17). In the enumerated paragraphs, Plaintiff alleges that Conway intentionally bumped into him, causing a blister or scab to bleed, and that Conway refused to file an incident report or send him for medical care. (Doc. 23 at 22). After the incident, he claims Conway contacted dining staff and caused Plaintiff to be denied a lunch meal, or a make-up meal. These allegations do not rise to the level of a constitutional violation.

---

[1] A commissary order slip Plaintiff submitted in support of his complaint expressed a desire for four bars of soap, and two face towels. He then included requests for a significant number of food items, followed by detergent, sheets, deodorant and toothpaste. The only item sought that he alleges he was originally missing from hygiene items was face towels. (Doc. 23 at 80).

As to the allegation that Conway bumped into Plaintiff's scab or blister and caused it to bleed, plaintiff must allege both an objectively serious situation, and subjective intent. Plaintiff alleges that Conway acted on purpose, but even if Conway acted intentionally, Plaintiff has not described a harm of objectively serious proportions. Minor scratches, bruises, or bleeding do not amount to a constitutional violation. *See, Lord,* 952 F.3d at 905 (affirming summary judgment against an inmate because he did not identify an injury beyond minor scratches).

As to the allegation that Conway retaliated by denying Plaintiff a single meal or make-up meal, this issue also does not rise to the level of a constitutional harm, nor does it amount to retaliation. A missed meal does not violate the constitution and can be a common part of ordinary life. *See, Ybarra v. Neal*, 2021 WL 5741328, *2 (N.D. Ind. 2021) (missing a single meal does not amount to a constitutional violation). To show retaliation, a plaintiff must identify protected speech, an action taken in response to that speech that would chill a person of ordinary firmness, and a causal link. Plaintiff's allegations do not satisfy any of these components, so his claims against Conway are insufficient.

**6. Defendant D. Knauer (Administrative Review Board)**

Defendant Knauer is not mentioned in the factual narrative. In the enumerated paragraphs, Plaintiff alleges that Knauer violated his rights by failing to respond to correspondence to the Administrative Review Board (ARB) about his many concerns and conditions of confinement. As the Court previously explained in regards to claims against Knauer, "a state's inmate grievance procedures do not give rise to a liberty interest protected by the due process clause," *Antonelli v. Sheahan*, 81 F.3d 1422, 1430 (7th

Cir. 1995), and the failure of prison officials to follow state created procedures does not violate the Constitution, *Maust v. Headley*, 959 F.2d 644, 648 (7th Cir. 1992). Knauer's only apparent involvement in this case was her administrative processing of grievances. She did not have any apparent involvement in the underlying conduct. Accordingly, Plaintiff's claims against Knauer are insufficient.

### 7. Defendant Dean (sergeant)

In the factual narrative of his complaint, Plaintiff alleged that on November 17, 2021, his conditions of confinement got worse so he personally complained to Dean and Walker about his issues, and he submitted a new grievance. (Doc. 23 at 16-17). In the enumerated paragraphs, Plaintiff alleges that Dean should be held responsible for basically everything he has discussed in his complaint in relation to his confinement, his cell placement, his desire for hygiene materials, his desire for medical care after Conway bumped into his arm, and his desire for a make-up meal after Conway denied a meal.

The problem with the allegations against Dean is that they are overly generic. Plaintiff alleges at many different points of his pleadings that the conditions of his cell were 'unsanitary' and that he wanted cleaning materials, but he never provides a clear description of the problem. Although the physical condition of a dirty cell *can* amount to a constitutional violation, not every dirty cell *does* amount to such a violation. Courts take a holistic view of the alleged harmful conditions, both the type of conditions and the duration factor into the existence of a constitutional violation. *See e.g., Gray v. Hardy*, 826 F.3d 1000, 1005-06 (7th Cir. 2016) (conditions that taken alone might not amount to a constitutional violation, can add up to a violation if taken together they create an extreme

deprivation). Plaintiff alleges that Defendant Dean did not do enough about the conditions of his cell from the first week of November thru November 17, 2021. This is a short duration. It is also not clear during this timeframe what specific conditions were serious or bothersome. Plaintiff's complaint and allegations are too difficult to follow to discern a sufficient claim against Dean based on the condition of the cell.

Additionally, not every medical ailment amounts to a constitutional violation. Plaintiff alleges that a blister or scar on his arm bled when Conway bumped into him, but minor skin irritations of this nature do not amount to a sufficiently serious condition. *See e.g. Thomas v. Blackard*, 2 F.4th 716, 722 (7th Cir. 2021). Therefore, it is not clear that Dean should be held liable for deliberate indifference to a serious medical need.

**8. Defendant B. Allard (clinical services supervisor)**

Plaintiff alleged generically in the factual allegations that Allard was aware of the conditions of his cell and his various needs, and in the enumerated paragraphs he specifically claims that Allard was responsible for harms he described as the 'counseling staff supervisor.' (Doc. 23 at 15, 24). These allegations are insufficient for reasons described above. There is no concrete link between any discrete harmful condition of Plaintiff's cell, and Allard's personal actions. Additionally, Allard's role as a supervisor is insufficient to establish any sort of liability under § 1983.

**9. Defendant A. Galbraith (Librarian/paralegal)**

In the factual narrative, Plaintiff alleges that Galbraith was aware of his complaints about his initial cell—1-B-73. (Doc. 23 at 15). In the enumerated paragraphs, Plaintiff alleges that Galbraith prevented him from access to the law library despite knowing

about the conditions of his cell, his lack of funds, and his pending court deadlines. (Doc. 23 at 24-25). He alleges that as a result of the denial (which was due in part to his visible rash), he missed deadlines in a criminal case and a civil appeal. An access-to-the-courts claim hinges on whether there was prejudice to a non-frivolous legal claim related to a prisoner's conviction, sentence, or conditions of confinement. *Marshall v. Knight*, 445 F.3d 965, 969 (7th Cir. 2006). To state a claim based on denial of access to the courts, an inmate should 'spell out' the connection between the denial of access, and prejudice suffered to the presentation of a non-frivolous legal claim. *Id.* The "predicate claim [must] be described well enough to apply the 'nonfrivolous' test and to show that the 'arguable nature of the underlying claim is more than hope[.]" *Christopher v. Harbury*, 536 U.S. 403, 416 (2002). Although Plaintiff alleges that as a result of denial of access to the law library, he missed deadlines in a criminal case, and a civil appeal, he does not provide information about any potential prejudice suffered, or the nature of the underlying non-frivolous claims that he was allegedly prevented from presenting in the impacted cases. Without such information, Plaintiff's access to the courts claim is insufficient as pled. This determination is not a finding that Plaintiff did not suffer prejudice, or that he could not perhaps present a viable claim. This is simply a determination that as pled the claim is insufficient.

## Conclusion

For all of the foregoing reasons, the Court finds that Plaintiff's allegations against all nine defendants are insufficient. This Order constitutes the third round of initial review under §1915A that the Court has conducted on Plaintiff's potential claims. (*See*

Docs. 11, 18). To date, Plaintiff struggles to make his claims clear and specific, and to limit the claims he presents to a single transaction or event, or series of related transactions or events, as is required by the Federal Rules of Civil Procedure. Although it is still conceivable that Plaintiff could present a viable claim or claims in a lawsuit (or lawsuits) about the events he describes, the pleadings filed in this case are insufficient to state a valid claim. Although, "[t]he usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages," *Abu-Shawish v. United States*, 898 F.3d 726, 738 (7th Cir. 2018), "courts have broad discretion to deny leave to amend where…the amendment would be futile," *Hicks v. Aurora Loan Servs.*, 588 F.3d 420, 432 (7th Cir. 2009). Here, the Court finds that it would be futile to allow an amended pleading in this case because Plaintiff has been given three opportunities to remedy defects with his pleadings to no avail. The Court additionally notes that Plaintiff's alleged claims arose in 2021, so the dismissal of this case will not preclude future litigation efforts if Plaintiff believes he can further narrow his claims to present them in a sufficient fashion.

## Disposition

Plaintiff's Second Amended Complaint is **DISMISSED** without prejudice under 28 U.S.C. § 1915A for failure to state a viable claim against any of the nine named defendants.

If Plaintiff wishes to appeal this Order, he must file a notice of appeal with this Court within thirty days of the entry of judgment. FED. R. APP. P. 4(a)(1)(A). If Plaintiff chooses to appeal, he will be liable for the $505.00 filing fee irrespective of the outcome of the appeal. *See* FED. R. APP. P. 3(e); 28 U.S.C. § 1915(e)(2); *Ammons v. Gerlinger*, 547 F.3d

724, 725-56 (7th Cir. 2008). Moreover, if the appeal is found to be nonmeritorious, Plaintiff may incur a "strike" under 28 U.S.C. § 1915(g). A proper and timely motion filed pursuant to Federal Rule of Civil Procedure 59(e) may toll the 30-day appeal deadline. FED. R. APP. P. 4(a)(4). A Rule 59(e) motion must be filed no later than 28 days after the entry of judgment, and this 28-day deadline cannot be extended.

The Clerk of Court is **DIRECTED** to enter judgment accordingly and to **CLOSE** this case.

**IT IS SO ORDERED.**

Dated: November 30, 2022

DAVID W. DUGAN
United States District Judge